# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2023

Lyle W. Cayce
Clerk

———————————

No. 23-20055
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Antonio Juarez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-160-2

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

The district court revoked Jose Antonio Juarez's supervised release and sentenced him to 24 months of imprisonment and three years of supervised release. In his sole issue on appeal, Juarez argues—and the Government agrees—that the written revocation judgment contains a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

clerical error. Juarez and the Government therefore seek a remand for correction of the judgment under Federal Rule of Criminal Procedure 36.

Rule 36 "allows a court 'at any time' to correct clerical errors in the judgment '[a]fter giving any notice it considers appropriate.'" *United States v. Powell*, 354 F.3d 362, 371 (5th Cir. 2003) (quoting FED. R. CRIM. P. 36). The rule applies "[w]here the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in . . . the judgment." *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (internal quotation marks and citation omitted). We may review clerical errors in a judgment for the first time on appeal and remand for correction of the errors under Rule 36. *See Powell*, 354 F.3d at 371-72.

In this case, the record makes clear that the written revocation judgment contains a clerical error. At the revocation hearing, Juarez pleaded true only to the first violation identified in the probation officer's petition, the Government abandoned the second violation in the petition, and the district court revoked Juarez's supervised release and sentenced him based on the first violation alone. Nonetheless, the written judgment erroneously states that Juarez admitted guilt to both the first and second violations, and that he was adjudicated guilty of both of those violations. In other words, the written judgment "incorrectly recorded" how the second violation was resolved at the revocation hearing. *Cooper*, 979 F.3d at 1089 (internal quotation marks and citation omitted). As such, the error in the written judgment is a clerical one that is subject to correction under Rule 36.

Accordingly, the judgment is AFFIRMED, and the case is REMANDED for the limited purpose of correcting that clerical error in the judgment. *See* FED. R. APP. P. 36.